1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

PHILIP DEBEAUBIEN,

No.  2:19-cv-1329 WBS DB

12

Plaintiff,

13

v.

ORDER

14

STATE OF CALIFORNIA, CALIFORNIA
HIGHWAY PATROL, CHP

15

LIEUTENANT TODD BROWN, CHP
SERGEANT REGGIE WHITEHEAD,

16

CHP CHIEF BRENT NEWMAN,

17

Defendants.

18
19

On October 23, 2020, this matter came before the undersigned pursuant to Local Rule

20

302(c)(1) for hearing of plaintiff's motion to compel.  (ECF No. 16.)  Attorney Stewart Katz

21

appeared via Zoom on behalf of plaintiff and attorney Amie McTavish appeared via Zoom on

22

behalf of defendants.  Oral argument was heard and plaintiff's motion was taken under

23

submission.

24

Review of plaintiff's motion and the parties' Joint Statement finds defendants' discovery

25

responses inadequate and somewhat concerning.  In this regard, the complaint alleges that on

26

September 3, 2018, California Highway Patrol ("CHP") Officer Brad Wheat, while off duty, shot

27

plaintiff and then murdered Mary Wheat, Officer Wheat's estranged wife, before turning the gun

28

////

1

on himself and committing suicide.  Plaintiff served discovery seeking documents in connection with any investigation conducted by CHP into the September 3, 2018 shooting.  (ECF No. 21-1.)

In connection with the Joint Statement, plaintiff has provided argument and evidence supporting the assertion that CHP Policy would require an investigation into such events.  (JS (ECF No. 21) at 14.)  Plaintiff has also provided a copy of a Sacramento Bee article published on September 5, 2018, in which defendant CHP Chief Brent Newman is quoted as stating that "CHP is . . . conducting its own investigation into what happened."  (ECF No. 21-18 at 2.)  Despite this, in the Joint Statement and at the October 23, 2020 hearing defendants contend that they conducted no investigation and, thus, there is no discovery to produce.  (JS (ECF No. 210 at 17.)

However, plaintiff's discovery requests also sought "all documents comprising or referencing investigations by the CHP" involving "Wheat's actions on August 2, 2018."  (ECF No. 21-1 at 5.)  In this regard, on August 2, 2018—a month prior to Officer Wheat's shooting of plaintiff and murder of Mary Wheat—Officer Wheat told another officer that Officer Wheat "drove to a location where he thought his wife and her lover were last night to murder the lover and then commit suicide."  (JS (ECF No. 21) at 6.)  As a result, CHP was going to "make a determination as to whether or not" to place Wheat "on a psychiatric hold[.]"  (Id.)  Despite plaintiff's discovery request, defendants did not produce this email.  Instead, plaintiff obtained a copy of the email from defendant Todd Brown at Brown's deposition.  (Id.)

Based on defendants' actions, or failure to act, the arguments found in the Joint Statement, and defense counsel's arguments at the October 23, 2020 hearing, the undersigned is concerned that defendants' search for responsive documents may have been too narrow in scope and analysis.  Defendants also contend that the "sole document generated by CHP regarding this incident is the CHP 268" Form, which defendants contend "was prepared in anticipation of litigation and is privileged."  (JS (ECF No. 21) at 17.)  To this "sole document," however, defendants have attached four witness statements which defendants are also asserting are privileged.  Thus, defendants have withheld the Form 268 and four witness statements.

"[A] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication."

1   United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) (quoting United States v. Bauer, 132

2   F.3d 504, 507 (9th Cir. 1997)).  "Because it impedes full and free discovery of the truth, the

3   attorney-client privilege is strictly construed."  Weil v. Investment/Indicators, Research and

4   Management, Inc., 647 F.2d 18, 24 (9th Cir. 1981).

5        An eight-part test determines whether information is covered by the attorney-client

6   privilege:

7
        (1) Where legal advice of any kind is sought (2) from a professional
8       legal adviser in his capacity as such, (3) the communications relating
        to that purpose, (4) made in confidence (5) by the client, (6) are at
        his instance permanently protected (7) from disclosure by himself or
9       by the legal adviser, (8) unless the protection be waived.

10  United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting Ruehle, 583 F.3rd at 607).

11  "The party asserting the privilege bears the burden of proving each essential element."  Ruehle,

12  583 F.3d at 608.

13       Here, defendants have provided a timeline addressing when the Office of Legal Affairs

14  ("OLA") requested the Form 268, when litigation was anticipated, when the claim file was

15  received, etc.  (JS (ECF No. 21) at 21-22.)  This timeline is offered in support of the argument

16  that "[t]he circumstances surrounding the preparation of this CHP 268 makes it clear that this

17  document was prepared in anticipation of pending litigation and is therefore protected by the

18  attorney work product doctrine."  (Id. at 22.)  However, defendant Brown testified at his

19  deposition that he completed his witness statement not for legal advice or in anticipation of

20  litigation but simply to "to put down documentation supporting everything we did, essentially."

21  (ECF No. 21-8 at 7.)

22       "The attorney-client privilege protects confidential communications between attorneys

23  and clients, which are made for the purpose of giving legal advice."  United States v. Richey, 632

24  F.3d 559, 566 (9th Cir. 2011) (internal citations omitted).  "[T]here is general agreement that the

25  protection of the privilege applies only if the primary or predominate purpose of the attorney-

26  client consultations is to seek legal advice or assistance."  United States v. Salyer, 853 F.Supp.2d

27  1014, 1018 (E.D. Cal. 2012).  Simply memorializing a statement of events independent of seeking

28  legal advice does not make a statement privileged.  See Kozacenko v. Murrill, No. 2:12-cv-2196

MCE DAD, 2014 WL 3057517, at *2 (E.D. Cal. July 7, 2014) (finding Form 268 not privileged where defendants only recounted "their version of the events that occurred involving other CHP officers and plaintiff" and did not seek legal advice); see also Koumoulis v. Independent Financial Marketing Group, Inc., 295 F.R.D. 28, 37 (E.D.N.Y. 2013) ("investigatory reports and materials are not protected by the attorney-client privilege or the work-product doctrine merely because they are provided to, or prepared by, counsel").  With respect to the other three withheld witness statements, defendants have not stated when these witnesses completed their statements, why they completed their statements, or if legal advice was sought in connection with the completion of the witness statements.

Moreover, in withholding the Form 268 and the four witness statements defendants produced an amended privilege log.  (ECF No. 21-3 at 9-13.)  The log treats the Form 268 and four witness statements as essentially one document.  The privilege log also fails to provide relevant information such as any addressee, recipient, and the purpose for creation of each of the documents.  See Hupp v. San Diego County, Civil No. 12cv0492 GPC (RBB), 2014 WL 1404510, at *5 (S.D. Cal. Apr. 10, 2014) ("Generally, a privilege log is adequate if it identifies with particularity the documents withheld, including their date of creation; author, title or caption; addressee and each recipient; and the general nature or purpose for creation.").

Based on the parties' briefing, the reasons stated above, and at the October 23, 2020 hearing, plaintiff's motion to compel is granted.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's September 4, 2020 motion to compel (ECF No. 16) is granted;

2.  Within twenty-one days of the date of this order defendants shall conduct an additional search for responsive documents;

3.  Within twenty-one days of the date of this order defendants shall reevaluate the discoverability of Form 268 and the attached witness statements in light of the above analysis;

---

[1] Plaintiff's motion to compel also seeks monetary sanctions.  At this time, the undersigned finds that monetary sanctions are not warranted.  However, if upon further motion to compel the undersigned found that defendants again improperly withheld documents the undersigned would strongly consider granting plaintiff's request for monetary sanctions.

4

4.   Within twenty-one (21) days of the date of this order defendant shall produce defendant Brown's withheld statement and any other responsive documents[2];

5.   Within twenty-one (21) days of the date of this order defendants shall produce a further amended privilege log; and

6.   The deadline for the completion of liability discovery in this action is extended to February 7, 2021.

Dated:  October 26, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/debeaubien1329.oah.102320

---

[2] If, after defendants comply with this order a dispute remains regarding the withholding of Form 268 or an attached witness statement, the undersigned would consider conducting an in camera review of those discrete documents upon further motion to compel if the parties cannot resolve their dispute through meet and confer.