UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DEBEAUBIEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, CHP LIEUTENANT TODD BROWN, CHP SERGEANT REGGIE WHITEHEAD, CHP CHIEF BRENT NEWMAN,<br><br>Defendants. | No. 2:19-cv-1329 WBS DB<br><br><br>ORDER |

On April 16, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motions to compel. (ECF Nos. 53-57, 60.) Attorney Stewart Katz appeared via Zoom on behalf of the plaintiff. Attorney Amie McTavish appeared via Zoom on behalf of defendants State of California, California Highway Patrol, Todd Brown, Reggie Whitehead, Brent Newman, Ryan Stonebraker, and Jeremy Dobler. Oral argument was heard and plaintiff's motions were taken under submission.

As a predicate matter, the undersigned notes:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information

1

        within this scope of discovery need not be admissible in evidence to
        be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

    Review of the parties' briefing, and defendants' oral argument, finds defendants' actions and argument lacking. In this regard, plaintiff's Interrogatory No. 8 sought the identity of "the person(s) who conducted the search for email documents" in response to the undersigned's October 26, 2020 order granting one of plaintiff's prior motions to compel. (JS (ECF No. 62) at 1.) Defendants failed to provide the identity of any person, instead answering "Personnel in the Computer Crimes Department." (Id. at 2.) While it seems defendants may have provided an amended response identifying a person, it is difficult to understand why defendants thought the initial response was sufficient. (Id. at 4.)

    Plaintiff's Interrogatory No. 15 sought the names and job titles of those who communicated with Sabrena Swain, a counselor, between August 3, 2018, and December 31, 2018. (Id. at 2.) Defendants responded by objecting to the term "regarding" as overbroad, and then stating that Swain offered "crisis support," and that it was "unknown who spoke with her[.]" (Id.) Defendants note that speaking to Swain was "voluntary," but do not elaborate on why it is "unknown who spoke with her," beyond noting that attendance was not taken. (Id. at 4.) And defendants do not articulate if the information is unknowable, and thus cannot be learned, versus unknown simply because defendants have not sought the information.

    At the April 16, 2021 hearing the undersigned raised the concerns about the insufficiency of defendants' arguments and asked counsel for defendants to address defendants' strongest argument in opposition to plaintiffs' motions. Defense counsel raised plaintiffs' request for emails, stating that the requests are compound, overbroad, and unduly burdensome. In support of this argument defense counsel referred to some 6,000 responsive emails.

    Defendants' argument in the Joint Statement, however, is essentially one paragraph of boilerplate, followed by a sentence requesting "a logical limit to the production of emails in this

1  case, and . . . that Plaintiff's motion to compel be denied." (JS (ECF No. 63) at 9.) Defendants
2  made no attempt to provide any specific argument, evidence, or analysis in support of their
3  opposition to plaintiff's request. See generally Pham v. Wal-Mart Stores, Inc., No. 2:11-cv-1148
4  KJD GWF, 2011 WL 5508832, at *3 (D. Nev. Nov. 9, 2011) ("Defendants have the burden of
5  demonstrating that Request No. 9, as limited to Sam's Club stores, is unduly burdensome. In
6  order to satisfy this burden, the objecting party must provide sufficient detail regarding the time,
7  money and procedures required to produce the requested documents."); Benchmark Design, Inc.
8  v. BDC, Inc., 125 F.R.D. 511, 512 (D. Or. 1989 ("Rule 26(c) authorizes a protective order when
9  discovery would be unduly burdensome. This requires more than some expense or difficulty,
10 especially in the case of a party to the action") (citing Dart Indus. v. Westwood Chemical Co.,
11 649 F.2d 646, 649 (9th Cir. 1980)).

12 Moreover, after prompting by plaintiff's counsel, defense counsel conceded that the 6,000
13 number was not actually the number of emails at issue and instead pertained to a wider universe
14 of emails. In arguing against plaintiff's Interrogatory No. 14, defense counsel asserted that the
15 problem was plaintiff's definition of the term "initiated." Plaintiff's counsel, however, noted that
16 the interrogatory at issue did not use the term "initiated," but instead "communicated."

17 And defense counsel stated that to prepare for the April 16, 2021 hearing, counsel
18 communicated with a relevant official to clarify defendants' actions. Defense counsel then
19 provided an explanation that plaintiff's counsel believed was novel. It would be much more
20 productive for such communication to occur prior to the filing of the joint statement, prior to the
21 parties' meet and confer, and/or prior to responding to a request for production of documents.

22 Plaintiff also raised an argument over the adequacy of defendants' verification in the
23 briefing. (JS (ECF No. 62) at 5.) Specifically, plaintiff notes that defendants provide no
24 information as to the qualification of the person who signed the verification or even the person's
25 job title. (Id.) Defendants did not address this argument.

26 The undersigned is cognizant of the challenges and workload attorney's encounter. But
27 the undersigned is also cognizant of the serious allegations at issue in this action. And the fact
28 that this is the third time the parties have been before the undersigned on motions to compel filed

1  by plaintiff and the third time the undersigned has granted plaintiff's motions. (ECF Nos. 23 &
2  46.)  Plaintiff should not have to rely on motions to compel to obtain discovery, especially in the
3  face of unsupported arguments.
4      However, the undersigned does agree with defendants' argument that the search terms for
5  emails containing "Brad" and "Joy" may produce results "that have absolutely nothing to do"
6  with this action.  Accordingly, the request for those search terms—and only those search terms—
7  will be limited to only those emails concerning the events at issue in this case.  The remainder of
8  the search terms are not subject to this limitation.
9      Plaintiff also seeks an award of monetary sanctions.  However, the undersigned has found
10 some meritorious argument in defendants' briefing.  And plaintiff's briefing does not specify
11 what amount of sanctions are sought or how plaintiff calculated the amount of sanctions sought.
12 The undersigned, therefore, will not grant plaintiff's request for sanctions at this time.  However,
13 if this matter comes before the undersigned again, the undersigned is again presented with
14 conduct and argument from defendants found wanting, and plaintiff provides the necessary
15 specificity the undersigned would be quite receptive to awarding plaintiff sanctions.
16     Accordingly, upon consideration of the arguments on file and those made at the hearing,
17 and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED
18 that:
19     1. Plaintiff's March 14, 2021 amended motions to compel (ECF Nos. 53-57, 60) are
20 granted as modified above;
21     2. Within twenty-one days of the date of this order defendants shall produce the
22 responsive documents; and
23     3. Plaintiff's request for sanctions is denied.
24 Dated: April 17, 2021

DLB:6
DB/orders/orders.civil/debeaubien1329.oah.041621

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4