UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DEBEAUBIEN, | No. 2:19-cv-1329 WBS DB |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, CHP LIEUTENANT TODD BROWN, CHP SERGEANT REGGIE WHITEHEAD, CHP CHIEF BRENT NEWMAN, | |
| Defendants. | |

On April 23, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's amended motion to compel. (ECF No. 65.) Attorney Stewart Katz appeared via Zoom on behalf of the plaintiff. Attorney Amie McTavish appeared via Zoom on behalf of defendants State of California, California Highway Patrol, Todd Brown, Reggie Whitehead, Brent Newman, Ryan Stonebraker, and Jeremy Dobler. Oral argument was heard and plaintiff's motion was taken under submission.

At issue is plaintiff's Request for Production of Documents No. 61, which seeks "All documents created in connection with 'fitness for duty examinations'" of sworn officer of the California Highway Patrol.[1]  (JS (ECF No. 69) at 2-3.)

---

[1] Plaintiff's motion to compel also concerned responses to interrogatories, however defendants provided amended responses. (JS (ECF No. 69) at 1-2, 30-31.)  At the April 23, 2021 hearing,

1

As a predicate matter, the undersigned notes:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

In both the Joint Statement and at the April 23, 2021 hearing, defendants argued that the requested discovery was not relevant and that the request was overbroad. (JS (ECF No. 69) at 2.) As counsel for defendants conceded at the April 23, 2021 hearing, however, defendants did not assert an objection based on breadth or relevancy in responding to the discovery request. (Id. at 41.)

"[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021); see also Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection."); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response[.]"). Moreover, the undersigned finds plaintiff's argument as to why the discovery requested is relevant and not overbroad specific, articulate, and persuasive. (JS (ECF No. 69) at 6-7.)

---

plaintiff's counsel stated that plaintiff had no issue with the amended responses provided.

In responding to the requested discovery, defendants did assert objections based on burden and privilege, citing to Jaffee v. Redmond, 518 U.S. 1 (1996). (JS (ECF No. 69) at 3, 41.) However, defendants carry a burden with respect to each of these objections. "In opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005).

Here, defendants' briefing is devoid of any factual assertions demonstrating burden. Instead, defendants' arguments are vague and conclusory. (JS (ECF No. 69) at 11.) Moreover, the evidence before the undersigned indicates that the defendants have already searched for the responsive documents and found only "nine responsive documents/examinations" to be produced. (Id. at 7, 11.)

With respect to the assertion of privilege and defendants' citation to Jaffee, "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Jaffee, 518 at 1. However, to invoke this privilege, the party asserting the privilege bears the burden of establishing that the communications were (1) to a "licensed psychotherapist"; (2) "confidential"; and (3) "made during the course of diagnosis or treatment." U.S. v. Romo, 413 F.3d 1044, 1047 (9th Cir. 2005) (citing Jaffee, 518 U.S. at 15).

Although defendants' briefing acknowledges these factors, it makes no attempt to address any of them. (JS (ECF No. 69) at 11-12.) Even if defendants had made an attempt meet their burden, however, their argument would have been likely unmeritorious. In this regard, it appears that the examinations at issue were at the behest of the officer's employer, the CHP and the results were shared with the CHP, a third party. Such disclosure of the results defeats the privilege and undermines any privacy expectations. See Myles v. County of San Diego, Case No.: 15cv1985 BEN (BLM), 2016 WL 2343914, at *17 (S.D. Cal. May 4, 2016) ("In this case, the requested psychological, psychiatric, or other mental records may have been created in the

3

1  course of the deputies' employment with the County and may be included in the Personnel files.
2  If the records were disclosed to their employer, a third party, the deputies had no expectation of
3  confidentiality with respect to those records."); Medina v. County of San Diego, Civil No.
4  08cv1252 BAS (RBB), 2014 WL 4793026, at *9 (S.D. Cal. Sept. 25, 2014) (Fitness for Duty
5  examinations "were created in the course of the deputies' employment with the County, and were
6  made part of their personnel files.  Because the records were shared with a third party, their
7  employer, the deputies had no expectation that their conversations were confidential.").

8      Moreover, plaintiff's request goes to great lengths to allow the redaction of seemingly
9  every conceivable aspect of identifying information.  Specifically, plaintiff allowed defendants to
10 redact the examinee's name, badge number, rank, and gender, the office at which the person
11 examined was assigned, as well as their address, phone number, and email address.  (JS (ECF No.
12 69) at 3.)  Defendants make no attempt to address why these redactions are insufficient nor do
13 they suggest any additional redactions.  See generally Foltz v. State Farm Mut. Auto. Ins. Co.,
14 331 F.3d 1122, 1137 (9th Cir. 2003) ("Simply redacting the identifying information of third
15 parties (e.g., their names, addresses, telephone numbers, and social security numbers) from these
16 records and disclosing the remaining information would not injure the third parties but would
17 reveal only State Farm's actions in processing personal injury claims.").  Nor do defendants
18 address why a protective order, which has already been stipulated to in this action, (ECF No. 17),
19 is not sufficient to address any privacy concerns.  See Soto v. City of Concord, 162 F.R.D. 603,
20 617 (N.D. Cal. 1995) ("privacy interests may be sufficiently protected with the use of a 'tightly
21 drawn' protective order).

22     Accordingly, for the reasons stated above and at the April 23, 2021 hearing, plaintiff's
23 motion to compel will be granted.  Plaintiff's motion also requests an award of monetary
24 sanctions.  (ECF No. 65.)

25     "The discovery process in theory should be cooperative and largely unsupervised by the
26 district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).
27 "When that cooperation breaks down, the district court has broad discretion to regulate discovery
28 conduct and, if needed, impose a wide array of sanctions."  Infanzon v. Allstate Insurance

4

1   Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  When the court grants a motion to compel it
2   must "after giving an opportunity to be heard," award "reasonable expenses incurred in making
3   the motion, including attorney's fees," unless the "opposing party's position was 'substantially
4   justified' or that 'other circumstances make an award of expenses unjust.'"  Id.  (quoting Fed. R.
5   Civ. P. 37(a)(5)(A)).  "The burden of establishing this substantial justification or special
6   circumstances rests on the party being sanctioned."  (Id.)

7   Moreover, "Rule 37(b) provides for sanctions against parties who unjustifiably resist
8   discovery."  Quadrozzi v. City of New York, 127 F.R.D. 63, 73 (S.D. N.Y. 1989); see also Liew
9   v. Breen, 640 F.2d 1046, 1051 (9th Cir. 1981) ("Rule 37(b)(2) provides for the award of
10  reasonable expenses and attorney's fees 'caused by the failure' to obey a court order to provide or
11  permit discovery.").  "Monetary sanctions, in particular, may be awarded to compensate for added
12  expense caused by the recusant party's conduct."  Quadrozzi, 127 F.R.D. at 74.  "In evaluating
13  the propriety of sanctions, we look at all incidents of a party's misconduct."  Adriana Intern.
14  Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990).

15  In granting the first motion to compel brought by plaintiff, the undersigned found
16  "defendants' discovery responses inadequate and somewhat concerning[.]"  (ECF No. 23 at 1.)
17  Defendants were cautioned that "if upon further motion to compel the undersigned found that
18  defendants again improperly withheld documents the undersigned would strongly consider
19  granting plaintiff's request for monetary sanctions."  (Id. at 4.)

20  In granting plaintiff's third motion to compel, the undersigned found "defendants' actions
21  and argument lacking."  (ECF No. 70 at 2.)  The undersigned raised these concerns with counsel
22  for defendants at the hearing of the motion.  (Id.)  Again, the undersigned cautioned defendants
23  that if presented in the future "with conduct and argument from defendants found wanting . . . the
24  undersigned would be quite receptive to awarding plaintiff sanctions."  (Id. at 4.)

25  This is now the fourth time plaintiff has brought a motion to compel and the fourth time
26  that motion to compel has been meritorious.  Defendants' actions and arguments have repeatedly
27  been lackluster and unsupported.  With respect to the pending motion, the undersigned finds that
28  defendants were not substantially justified nor do other circumstances make an award of expenses

unjust. To the contrary, defendants have been repeatedly warned about the prospect of monetary sanctions and yet the undersigned has seen no change in their conduct. In fact, consistent with defendants' conduct, defendants did not even address in the Joint Statement plaintiff's arguments regarding sanctions despite the undersigned's repeated prior warnings.

For the reasons stated above, the undersigned will grant plaintiff's request for monetary sanctions. Moreover, defendants are cautioned that unless the conduct the undersigned has repeatedly addressed is remedied, defendants should be prepared to incur increasingly severe sanctions.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 12, 2021 amended motion to compel (ECF No. 65) is granted;

2. Within seven days of the date of this order defendants shall produce the responsive documents;

3. Within fourteen days of the date of this order plaintiff shall file a brief addressing the amount and calculations for the award of monetary sanctions;

4. Within fourteen days of the filing of plaintiff's brief defendants shall file an opposition or statement of non-opposition; and

5. If defendants elect to file an opposition plaintiff shall file a reply within seven days thereafter.[2]

Dated: April 24, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/debeaubien1329.oah.042321

---

[2] Alternatively, in lieu of briefing the dispute and thereby potentially increasing the sanction award, the parties may also comply with this order by submitting a stipulation as to the amount of sanctions to be awarded.