UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DEBEAUBIEN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, CHP LIEUTENANT TODD BROWN, CHP SERGEANT REGGIE WHITEHEAD, CHP CHIEF BRENT NEWMAN,<br><br>Defendants. | No. 2:19-cv-1329 WBS DB<br><br><br>ORDER |

On May 14, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's amended motion to compel. (ECF No. 66.) Attorney Stewart Katz appeared via Zoom on behalf of the plaintiff. Attorney Amie McTavish appeared via Zoom on behalf of defendants State of California, California Highway Patrol, Todd Brown, Reggie Whitehead, Brent Newman, Ryan Stonebraker, and Jeremy Dobler. Oral argument was heard and plaintiff's motion was taken under submission.

The amended complaint alleges generally that on August 2, 2018, California Highway Patrol ("CHP") Officer Brad Wheat stated to another CHP officer that on the previous night Wheat had driven to a location intending to kill Mary Wheat, Brad Wheat's estranged wife, and plaintiff Philip Debeaubien, who was romantically involved with Mary Wheat. On September 3,
////

2018, Officer Brad Wheat, while off duty, shot plaintiff and then murdered Mary Wheat, before turning the gun on himself and committing suicide. (ECF No. 30.)

As a predicate matter, the undersigned notes:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "The party resisting discovery 'has the burden to show that discovery should not be allowed, and the burden of clarifying, explaining, and supporting its objections.'" Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)).

Plaintiff's motion to compel concerns two requests for production. Plaintiff's Request for Production No. 59 seeks:

> All CHP documents created prior to September 3, 2018, documenting the information that Officer Dave Ward provided on August 3, 2018, to a CHP supervisor regarding Brad Wheat having stated that he drove to a location to shoot someone and then kill himself.

Defendant CHP responded "Objection. This request calls for documents previously produced. See Deposition of Todd Brown, Ex. 9-11."[1] (JS (ECF No. 76) at 2; ECF No. 76-3 at 3.)

In the absence of any further explanation, defendant's citation to the deposition of Todd Brown is puzzling, as Brown was testifying in his individual capacity as a defendant. (JS (ECF No. 76) 9.) Brown seemingly was in no position to opine as to potentially responsive documents. Moreover, that the request "calls for documents previously produced" is vague. In this regard,

---

[1] At the May 14, 2021 hearing, defense counsel asserted that the Joint Statement misrepresented defendant's response by failing to state that defendant cited to exhibits. The Joint Statement, however, accurately reproduced defendant's response, including the citation to Ex. 9-11.

2

that the request implicated documents previously produced does not address whether other responsive documents exist. Nor does the response provide any assurance that defendants even searched for responsive documents.

In the Joint Statement, defendants argue that this is in fact that case, asserting that "[t]he single responsive document to request 59 . . . was produced twice"—at the Brown deposition and in response to another request for production. (JS (ECF No. 76) at 5.) If that is true, that should have been stated unequivocally in defendant's response to plaintiff's request. But even the reliability of this assurance is undercut by defendant's argument that "[a]ll other *communications* regarding the August 3rd incident were created after the September 3rd shooting[.]" (Id. at 5) (emphasis added). Plaintiff's request is not seeking communications, but instead documents. And at the May 14, 2021 hearing, plaintiff's counsel articulated reason to believe that other documents may exist.

The second item at issue is plaintiff's Request for Production No 62, which states:

> Provide all documents communicated to or from the Risk Management Administrator responsible for undertaking the duties set forth in CHP HPM 100.86 in connection with the September 3, 2018 shooting by Brad Wheat. (See CHP HPM 100.86, CHP1640-49.)

(Id. at 3.)

Defendant responded:

> Objection. This request is vague as to "duties" and "in connection." Defendant requests this request be rephrased if it is intended to request communications regarding the September 3, 2018 shooting of Plaintiff.

(Id.)

Why defendant found the terms "duties" and "in connection" vague is entirely unclear to the undersigned. Moreover, in the Joint Statement defendant's argument does not address vagueness, but now asserts the entirely new argument that "[t]here are no documents to compel because no critical incident investigation was done." (Id. at 6.) This is erroneous in two respects.

First, "objections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK

(JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.) In this regard, it is impossible for defendant to assert an objection in response to plaintiff's discovery request and then assert an entirely different reason in opposing plaintiff's motion to compel.

Moreover, that a Critical Incident Investigation was not done is not responsive to plaintiff's request. The request unambiguously seeks "all documents communicated to or from the Risk Management Administrator . . . in connection with the September 3, 2018 shooting by Brad Wheat." (JS (ECF No. 76) at 3.) That a Critical Incident Investigation was not done does not mean that the Risk Management Administrator did not receive or send documents regarding the September 3, 2018 shooting. It may be that defendants conducted a search and found no responsive documents. But, again, instead of stating that in response to plaintiff's request, defendant simply objected based on vagueness.

For the reasons stated above, in the Joint Statement, and at the May 14, 2021 hearing, the undersigned will grant plaintiff's motion to compel. This is the fifth time the undersigned has granted a motion to compel filed by plaintiff. After repeated warnings, in granting plaintiff's fourth motion to compel the undersigned awarded plaintiff monetary sanctions, with the amount to be determined after further briefing.[2] (ECF No. 72.) Here, plaintiff's motion again seeks monetary sanctions and defendants again fail to even proffer an argument in opposition. (JS (ECF No. 76) at 11-13.) This time, however, plaintiff has provided sufficient documentation in support and the undersigned finds the requested fees reasonable.

As defendants were previously advised, "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of

---

[2] On May 10, 2021, plaintiff filed a statement in support of the award of attorney's fees. (ECF No. 78.) On May 13, 2021, defendants filed a statement of non-opposition. (ECF No. 79.) Accordingly, plaintiff's unopposed request will be granted.

4

sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020). When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(a)(5)(A)). "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned." Id. Moreover, "[u]nder its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997)).

Here, in light of defendants repeated obstruction of discovery, failure to adequately support its objections, and failure to demonstrate substantial justification or special circumstances, the undersigned will grant plaintiff's request for sanctions.[3] Defendants are further cautioned that, at some point, the undersigned may find monetary sanctions insufficient to correct defendants' behavior and look to more extreme sanctions.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 12, 2021 amended motion to compel (ECF No. 66) is granted;

2. Within seven days of the date of this order defendants shall produce responsive documents;

3. Within seven days of the date of this order defendants shall provide a declaration setting forth what the search for the responsive documents consisted of;

////

---

[3] The undersigned, however, declines plaintiff's request to bar defendants from taking further discovery for sixty days as this request is not supported by any further explanation or argument. (JS (ECF No. 76) at 12.) The denial is without prejudice to renewal.

5

4. Within twenty-one days of the date of this order defendants shall pay plaintiff $9,790 in monetary sanctions; and

5. Plaintiff's unopposed May 10, 2021 request for $8,585 in attorney's fees (ECF No 77) is granted and defendants shall pay plaintiff this fee within twenty-one days of the date of this order.

Dated: May 17, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/debeaubien1329.oah.051421