**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff
PHILIP DEBEAUBIEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DEBEAUBIEN,<br><br>    Plaintiff,<br>   vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; TODD BROWN; SABRENA SWAIN; JOY GRAF; REGGIE WHITEHEAD; RYAN STONEBRAKER; BRENT NEWMAN; JEREMY DOBLER,<br><br>    Defendants.<br>_____/ | CASE NO. 2:19-CV-01329-WBS-DB<br><br>**REQUEST FOR AN IN-PERSON HEARING FOR DEFENDANTS' EX PARTE APPLICATION AND MOTION TO AMEND THE SCHEDULING ORDER**<br><br>**Dkts. 86, 89, 94**<br><br>**Date:** October 18, 2021<br>**Time:** 1:30 p.m.<br>**Courtroom:** 5<br>**Judge:** William B. Shubb |

### REQUEST FOR AN IN-PERSON HEARING DKTS. 86,89, 94

The current information regarding Judge Shubb's handling of Civil Calendars under his standard information states that they will be held by Zoom unless otherwise ordered. This pleading is to request that the hearing regarding the *related ex parte* applications and motion to continue be held at a live hearing. This request is not made with any disdain or minimization of Covid-19 concerns; counsel believes that every attorney who would attend that hearing is fully vaccinated and will be amenable to following the safeguards currently used by the Court for jury trials.

There are three reasons for this request;

One, as the Court will have to make a good cause determination regarding the applications to amend the scheduling order, it will, necessarily, have to assess the diligence of the moving parties. Given the potentially incomplete and conflicting information presented through the pleadings, Exhibits, and declarations, the Court should have the benefit of assessing the declarants' and attorneys' credibility by an in-person hearing.

Two, given the bare bones showing of diligence in the defendants' moving papers, the Court may want to afford defendants the opportunity to flesh out their claims at an evidentiary hearing. Plaintiff is not opposed to this.  Such a hearing would also permit any party to introduce additional evidence, if necessary, as well as better assess witness credibility. The type of hearing done in connection with PRLA determinations of administrative exhaustion might be analogous.

Three, are logistical issues.  There are four represented groups who are affected and have obvious interest in each of these three matters which are all set for the October 18, 2021, civil law and motion calendar.  Because, these matters are related so closely to each other, there is a likelihood that the Court may want to address questions to multiple parties on specific issues which are common to the multiple filings,  sequentially going through the motions, getting input or  answers from the relevant parties and then  lining up the information received. Shifting between so many attorneys and the Court is likely to cause delay as various people unmute (or forget to unmute), deal with what seem to be inevitable technical issues when you have five active participants.   Zoom may frustrate the lively questioning the

Plaintiff hopes and expects the Court to engage in when questioning all parties.  Zoom may also be an unnecessary challenge for the court reporter for this particular hearing.

To simplify logistics for the Court, it may make sense for this hearing to be heard at a different time or date so as to avoid interfering with the rest of the Court's law and motion calendar.

Dated: October 6, 2021

/s/ Stewart Katz
_____
STEWART KATZ
Attorney for Plaintiff