UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DEBEAUBIEN, | No. 2:19-cv-1329 WBS DB |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, CHP LIEUTENANT TODD BROWN, CHP SERGEANT REGGIE WHITEHEAD, CHP CHIEF BRENT NEWMAN, | |
| Defendants. | |

On October 15, 2021, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel. (ECF No. 92.) Attorney Stewart Katz appeared via Zoom on behalf of the plaintiff. Attorney Jianlin Song appeared via Zoom on behalf of defendant Joy Graf.

"The discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). Despite this truism, this is the sixth time the undersigned has resolved a discovery dispute in this action. (ECF No. 82 at 4.) And it is the sixth time plaintiff's argument has proven meritorious.

Here, plaintiff's motion seeks to compel interrogatory responses concerning defendant Graf's financial status in light of plaintiff's claim for punitive damages. During the course of oral argument the undersigned expressed an inclination to grant plaintiff's motion for the reasons

1

expressed in the parties' Joint Statement. See generally United Artists Corporation v. United Artist Studios LLC, Case No. 2:19-cv-0828 MWF MAAx, 2020 WL 5370615, at *5 (C.D. Cal. Apr. 27, 2020) ("It is well established that a defendant's current net worth and financial condition is clearly relevant to the issue of punitive damages."); E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009) ("the majority of federal courts" have held that "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages").

In response, defense counsel requested that the court narrow the interrogatories in several specific respects. First, such an argument should have been fully articulated in the Joint Statement. Raising this request at oral argument in absence of full briefing undermines the ability to fully analyze the request. Second, plaintiff's counsel explained that plaintiff had already agreed narrow the interrogatories to reflect defendant's request. That assertion is supported by the parties' Joint Statement. (ECF No. 102 at 9.) In response, defense counsel stated that they were now willing to produce responses.

The hearing of a discovery dispute consumes considerable time, resources, expenses, etc., for the parties and the court. A court which "has consistently carried one of the highest weighted caseloads per judge in the nation[.]" Shields v. Amerigas Propane, Inc., No. 2:15-cv-0754 KJM EFB, 2015 WL 5436772, at *5 (E.D. Cal. Sept. 15, 2015). To expend such time and resources on a matter the parties could have resolved through closer attention to detail and better communication is disappointing.

And this is not the first-time defendants' conduct has been found wanting. The undersigned previously issued monetary sanctions against defendants "in light of defendants' repeated obstruction of discovery, failure to adequately support its objections, and failure to demonstrate substantial justification or special circumstances[.]" (ECF No. 82 at 5.) Although that sanction was levied against different defendants and different defense counsel, the undersigned remains concerned about defendants' apparent habit of unnecessary delay and waste of resources.

1    Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that plaintiff's September 14, 2021 motion to compel (ECF No. 92) is granted and defendant shall produce responses within fourteen day of the date of this order.

Dated: October 18, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/debeaubien1329.oah.101521